# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| JASON ALEXANDER of the FAMILY ROWE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:25-CV-00494-DGK ) |
| JOHN GINWRITE through REGION 7 IV-D AGENCY DEFENDANT(S), | ) ) ) |
| Defendants. | ) ) |

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Pending before the Court is *pro se* Plaintiff Jason Alexander's Complaint. ECF No. 1. Plaintiff alleges that Defendant(s), entities that collectively enforce and manage the child support program for the state of Missouri, subjected him "to involuntary servitude by converting [him] to a non-custodial parent." Compl. ¶ 7. Plaintiff acknowledges federal courts do not have jurisdiction over cases regarding child support issues and denies this lawsuit concerns a domestic relations issue. Compl. ¶ 16. He also denies this is a sovereign citizen pleading, and that his claims are barred by the Rooker-Feldman doctrine. Compl. ¶¶ 20, 22. Even so, a fair reading of the Complaint indicates Plaintiff is seeking to litigate an adverse decision concerning a child support obligation. Consequently, this Court lacks subject matter jurisdiction to hear this dispute and so it must be DISMISSED.

Federal courts are courts of limited jurisdiction and as such may only hear cases they have been authorized to hear by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a federal court lacks subject matter jurisdiction over a lawsuit, it must dismiss the lawsuit. Fed. R. Civ. P. 12(h)(3). Federal jurisdiction to review state court

judgments is vested exclusively in the United States Supreme Court. *Lemonds v. St. Louis Cnty*, 222 F.3d 488, 492 (8th Cir. 2000). More specifically, the Rooker-Feldman doctrine provides that federal district courts, such as this one, may not review state court decisions, "even if those challenges allege that the state court's action was unconstitutional." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (holding the Rooker-Feldman doctrine prohibits a lawsuit brought in federal district court alleging a state court wrongly decided custody issues and unconstitutionally infringed on the plaintiff's parental rights). This doctrine forecloses both straightforward appeals from state court decisions and "also more indirect attempts by federal plaintiffs to undermine state court decisions." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). It also prohibits lower federal courts from exercising jurisdiction over all "general constitutional claims that are inextricably intertwined with claims already adjudicated in state court." *Id.* at 492-93. A general federal claim is inextricably intertwined with a state judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987). That is, the doctrine bars claims where the requested federal relief would void the state court's judgment or essentially reverse the state court's holding. *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001).

Although the Complaint is somewhat difficult to follow, the gravamen is that Plaintiff is aggrieved by a $26,000 child support obligation and the use of his Social Security Number to enforce that obligation, an arrangement Plaintiff contends is unconstitutional. Compl. ¶¶ 32, 39–43. Because Plaintiff's lawsuit can only succeed if a Missouri court wrongly decided these issues, the Rooker-Feldman doctrine bars this Court from considering his claim.[1] Accordingly, this case is DISMISSED for lack of subject matter jurisdiction.

---

[1] There are numerous other problems with the Complaint—for example, its use of sovereign citizen language is a red-flag that this lawsuit is legally frivolous, *see King v. Turnbull*, No. 4:21CV3003, 2021 WL 1293307, at *2 (D. Neb.

**IT IS SO ORDERED.**

Date:  July 9, 2025   /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT

---

April 7, 2021) (collecting cases and rejecting as frivolous premises that certain statutes and laws do not apply to certain people)—but since the lack of subject matter jurisdiction is dispositive, the Court need not discuss these other shortcomings.